UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID PEARCY** | **CIVIL ACTION** |
| **VERSUS** | **NO:    04-2851** |
| **MILLER BREWING COMPANY** | **SECTION: "N" (4)** |

### ORDER

Before the Court is **Defendant Miller Brewing Company's Motion to Quash The Subpoena Served Upon Alan Thistle and Supreme Beverage Company (doc. # 22)** filed by the defendant Miller Brewing Company seeking to quash the subpoena issued by the plaintiff, David Pearcy, to two non–parties to the suit, Supreme Beverage Company and Alan Tistle. Pearcy filed an opposition motion on February 9, 2006. The motion was set for hearing on February 15, 2006.

Local Rule 7.5E requires that:

> "[e]ach party opposing a motion shall file, in duplicate, a memorandum of the reasons advanced in opposition to the motion and a list of . . . authorities [relied on] . . . no later than the eighth calendar day prior to the noticed hearing . . . ."

Accordingly, Pearcy's motion was due on February 7, 2006. Because it is untimely, it will not be considered.

### I.    Background

On June 28, 2004, Pearcy filed a complaint in the Middle District of Florida against Miller Brewing alleging that it discriminated against him because of his age by terminating his employment in October of 2003. Pearcy alleges in his complaint that Miller Brewing employed him as a Senior

Sales Manager responsible for sales in the northern and central Alabama area. During his employment Pearcy resided in Birmingham, Alabama.

On October 13, 2004 the District Court in the Middle District transferred the case to this Court because it concluded that most of the witnesses lived closer to the Eastern District and all the documents relevant to this case are in Louisiana.

According to Miller Brewing, it sells its product to distributors who then sell the product to retailers, who, in turn, sell the product to the public. Miller Brewing indicates that one of the distributors Pearcy worked with was Supreme Beverage Company which operates in Birmingham, Tuscaloosa, Huntsville, and Alexandria, Alabama. Tistle is the Chief Operating Officer of Supreme Beverage Company.

Miller Brewing contends that it terminated Pearcy's employment because it concluded that his job performance was not satisfactory. Miller Brewing further contends that employees and officers of Supreme Beverage Company complained about Pearcy's performance. At some point, the record is not clear and no subpoena is attached, Miller Brewing alleges that Pearcy served a subpoena on Supreme Beverage Company and Alan Tistle. According to Miller Brewing the subpoena seeks "'[a]ny and all records of any contacts by any sales managers, senior sales managers, or territory sales managers for Miller Brewing Company with members of the Supreme Beverage sales staff for the period of January 1, 2001 to the present' from Supreme Beverage Company and Alan Tistle." (Def. Mem. at 2).

## II. **The Motion to Quash**

On January 30, 2006, Miller Brewing filed the subject motion alleging that the subpoena is unreasonable, oppressive, and seeks information that has no bearing on the litigation. In support

of their argument, Miller Brewing alleges that three people from Supreme Beverage Company, including Tistle, have already been deposed, and all of them expressed dissatisfaction with Pearcy.

Miller Brewing contends that Peacy seeks to impeach the previously deposed witnesses by showing he "was doing a better job for Supreme Beverage than they thought he was." (Def. Mem. at 5). It contends that it is immaterial whether the witnesses' assessment was unjustified, all that matters to the outcome of the case is what Miller Brewing relied on when it fired Pearcy.

However, prior to reaching the merits of Miller Brewing's motion, the Court must first find that the subpoena Miller Brewing seeks to have this Court quash is properly before it. The Court notes that both the company and the individual subpoenaed are not located in this district, or even, the State of Louisiana. Additionally, the subpoena that is at issue is not attached as an exhibit to the subject motion.

**III.  Standard of Review**

Under Federal Rule of Civil Procedure 45(3)(A), "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena." Fed. R. Civ. P. 45(3)(A). Accordingly, "[t]he jurisdiction of the issuing court to rule on objections to its subpoena is exclusive, though it may, in its discretion remit the matter to the court in which the action is pending." *High Tech Commc'ns v. Panasonic Co.*, CIV.A.94-1477, 1995 WL 58701 (E.D.La. Feb. 9, 1995). Federal Rule 45(a)(2)(B), amended on December 1, 2005, provides that:

> A subpoena must issue as follows:
> (A) for attendance at a trial or hearing, from the court for the district where the trial or hearing is to be held;
> (B) for attendance at a deposition, from the court for the district where the deposition is to be taken, stating the method for recording the testimony; and
> (C) for production and inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

In this case, Miller Brewing failed to provide a copy of the subpoena with their pleadings. Nor does the record in the case contain a copy of a subpoena issued from this Court to Supreme Beverage Company and Alan Tistle. It is axiomatic that before a Court can rule on motion to quash, the moving party must provide a copy of the issued subpoena so that the Court can conclude that it has jurisdiction. Accordingly, without any showing by Miller Brewing that this Court issued the subpoena, this Court cannot grant their motion to quash.

**IT IS THEREFORE ORDERED** that **Defendant Miller Brewing Company's Motion to Quash The Subpoena Served Upon Alan Thistle and Supreme Beverage Company (doc. # 22)** is **DENIED** for failure to follow Rule 45(a)(2)(B).

New Orleans, Louisiana, this 13th day of April 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**